# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 585 | **DATE** | 4/16/2012 |
| **CASE TITLE** | Thompson vs. Social Security Administration | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions for appointment of counsel [3] and to proceed *in forma pauperis* [4] are granted. The Court further instructs the Clerk of Court to rename the defendant as Michael J. Astrue, the Commissioner of the Social Security Administration. The Court orders Thompson to file her brief by May 7th, Astrue's response in turn by June 4th, and Thompson's reply by June 18th. Ruling will be made by mail.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Cyd Denise Thompson ("Thompson") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel in her appeal of the Social Security Administration's denial of disability benefits. For the reasons stated below, both of Thompson's motions (Docs. 3, 4) are granted. The Court further instructs the Clerk of Court to rename the defendant as Michael J. Astrue, the Commissioner of the Social Security Administration. The Court orders Thompson to file her brief by May 7th, Astrue's response in turn by June 4th, and Thompson's reply by June 18th.

    Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Thompson to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Thompson need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed if payment of the filing fee will prevent her from providing for life's necessities. *See Id.* According to Thompson's financial affidavit, she is currently unemployed but was receiving $1,102 per month in disability benefits and $226 per month in additional public assistance during the past twelve months. Thompson's husband is currently unemployed, owns a car in which he has negative equity, owns property in which he has negative equity of $100,000 and for which he received $4,500 in rental income in the past twelve months. Based on these facts, Thompson's financial affidavit has set forth her inability to pay the mandated court fees.

    The Court, however, must look beyond Thompson's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if the plaintiff seeks damages from a defendant who is immune from such relief, or if the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir. 2003). This Court also "construe[s] *pro se* complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009).

    The *pro se* Complaint alleges that the Social Security Administration Appeals Council denied

| STATEMENT |
|---|
| Thompson's claim for disability benefits on or about December 16, 2011, and that she now seeks review of that decision. Under 42 U.S.C. § 405(g), a plaintiff has the right to obtain review of the Social Security Administration's final decision within sixty days. Thompson's Complaint, filed within sixty days of that date, provides the Social Security Administration with adequate notice of the charge and does not appear frivolous or otherwise meritless. Therefore, the Complaint is properly before the Court.<br><br>    Thompson also moves for the appointment of counsel. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). Thompson states that she has contacted three law firms, two of whom declined to pursue the case and one who has not yet responded. Based on her reasonable attempts, and the potential volume of the materials to be removed, the appointment of counsel is appropriate.<br><br>    Thompson's motions for appointment of counsel and for leave to proceed *in forma pauperis* are granted. The Court further instructs the Clerk of Court to rename the defendant as Michael J. Astrue, the Commissioner of the Social Security Administration, who is the only proper defendant in an action pursuant to 42 U.S.C. § 405(g). The Court orders Thompson's brief to be filed by May 7th, Astrue's response in turn by June 4th, and Thompson's reply by June 18th. |